Todd L Nunn, SBN 320687
todd.nunn@klgates.com
Kate G. Hummel SBN 305783
kate.hummel@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California  90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Attorneys for Defendants Expedia, Inc., and
Expedia Group, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASHA BALABANOFF, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CLASSIC VACATIONS, LLC, a Nevada limited liability company; EXPEDIA, INC., a Washington corporation; EXPEDIA GROUP, an entity of unknown form; CLASSIC CUSTOM VACATIONS, an entity of unknown form; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:   5:21-cv-8362<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1332(d) - CLASS ACTION FAIRNESS ACT** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

TO:  Clerk, United States District Court for the Northern District of California;

AND TO:  Plaintiff Sasha Balabanoff;

AND TO:  David Yeremian and Roman Shkodnik of David Yeremian & Associates, Inc.

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Expedia, Inc. and Expedia Group (together "Expedia") hereby remove this action, originally filed in the California Superior Court in the County of Santa Clara, (Case No. 21CV386966) (the "State Court Action"), to the United States District Court for the Northern District of California. In support of this removal, Expedia states as follows:

1. As set forth below, the case is properly removed to this Court under 28 U.S.C. § 1441 because the Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), in that this matter is a civil action in which the amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, there are more than 100 members in the putative class, and is between citizens of different states.

2. By filing this Notice of Removal, Expedia does not intend to waive, and hereby reserves, any objection as to venue, the legal sufficiency of the claims alleged in the State Court Action and all other defenses. Expedia reserves the right to supplement and amend this Notice of Removal.

**Commencement and Pendency of Action in State Court.**

3. Plaintiff Sasha Balabanoff ("Plaintiff") filed a Class Action Complaint for Damages in Santa Clara County Superior Court, Case No. 21CV386966, against Expedia and other defendants on September 23, 2021 (the "Complaint"). Expedia was served in the State Court Action with a copy of the Summons and Complaint by personal service on its registered agent on September 27, 2021.  As such, service was

1  completed on September 27, 2021 at the time of personal delivery. Cal. Code. Civ.
2  Proc. § 415.10.
3       4.   A true and correct copy of the Complaint filed in the State Court Action
4  is attached hereto as Exhibit A. A true and correct copy of the Summons filed in the
5  State Court Action is attached hereto as Exhibit B. A true and correct copy of the
6  National Registered Agents, Inc. Service of Process Summary Transmittal Form is
7  attached hereto as Exhibit C.  A true and correct copy of the Civil Lawsuit Notice
8  filed in the State Court Action is attached hereto as Exhibit D.  A true and correct
9  copy of the Civil Case Cover Sheet filed in the State Court Action is attached hereto
10 as Exhibit E.  These materials comprise of "all process, pleadings and orders served"
11 upon Expedia in the State Court Action. *See* U.S.C. § 1446(a).
12      5.   In the Complaint, Plaintiff seeks to certify a proposed class defined as
13 "all individuals employed by Defendants, at any time within four (4) years of the
14 filing of this lawsuit, and have been employed by Defendants within the state of
15 California." (*See* Ex. A (Complaint) ¶ 31.) The Complaint asserts twelve causes of
16 action against Defendants on behalf of Plaintiff and the putative class, including:
17 Failure to Pay Minimum Wages; Failure to Pay Wages and Overtime Under Labor
18 Code § 510; Meal-Period Liability Under Labor Code § 226.7; Rest-Break Liability
19 Under Labor Code § 226.7; Failure to Pay Vacation Wages; Failure to Comply with
20 Labor Code § 245 and § 246; Reimbursement of Necessary Expenditures Under Labor
21 Code § 2802; Failure to Comply with Labor Code § 2751; Violation of Labor Code
22 §226(a); Failure to Keep Required Payroll Records Under Labor Code §§ 1174 and
23 1174.5; Penalties Pursuant to Labor Code § 203; Violation of business & Professions
24 Code § 17200. (*See* Ex. A (Complaint) ¶ 42-111.)

**Basis for Removal**

26      6.   The Class Action Fairness Act ("CAFA") creates federal jurisdiction
27 over lawsuits in which "the matter in controversy exceeds the sum or value of
28 $5,000,000, exclusive of interest and costs, and is a class action in which . . . any

member of a class of plaintiffs is a citizen of a State different from any defendant," and involves a putative class that consists of more than 100 members. 28 U.S.C. §§ 1332(d)(2)(A) and (d)(5). Each of these three requirements is met.

### Diversity of Citizenship

7. 28 U.S.C. § 1332(d)(2)(A) requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." For purposes of this section, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1).

8. When this action was commenced and at the time of this Notice of Removal, Plaintiff was and is a citizen and resident of the State of California. (*See* Ex. A (Complaint) ¶ 4.)

9. Defendant Expedia Group, Inc. is a Delaware corporation. Its principal place of business is Seattle, Washington.

10. Defendant Expedia, Inc. is a Washington corporation. Its principal place of business is Seattle, Washington.

11. Because Plaintiff is a citizen of a different state than at least one Defendant, the diversity requirement set forth in 28 U.S.C. § 1332(d)(2) is satisfied.

### The Putative Class Exceeds 100 Members

12. As noted above and according to the Complaint, the putative class includes "all individuals employed by Defendants, at any time within four (4) years of the filing of this lawsuit, and have been employed by Defendants within the state of California." (*See* Ex. A (Complaint) ¶ 31.)

13. Records to which Expedia has access show that the number of putative class members (non-exempt employees of Defendant Classic Vacations LLC in California) exceeds 100. As such, the putative class size requirement set forth in 28 U.S.C. § 1332(d)(5) is satisfied.

**The Amount in Controversy Exceeds $5,000,000**

14. Although the Complaint does not set forth the dollar amount prayed for, and Expedia denies all liability alleged in the Complaint, if Plaintiff's claims were substantiated and completely successful, the aggregate amount in dispute would exceed $5,000,000.

15. Plaintiff alleges twelve causes of action on a class basis during the putative class period, which include:

   a. Failure to Pay Minimum Wages;
   b. Failure to Pay Wages and Overtime Under Labor Code § 510;
   c. Meal-Period Liability Under Labor Code § 226.7;
   d. Rest-Break Liability Under Labor Code § 226.7;
   e. Failure to Pay Vacation Wages;
   f. Failure to Comply with Labor Code § 245 and § 246;
   g. Reimbursement of Necessary Expenditures Under Labor Code § 2802;
   h. Failure to Comply with Labor Code § 2751;
   i. Violation of Labor Code §226(a);
   j. Failure to Keep Required Payroll Records Under Labor Code §§ 1174 and 1174.5;
   k. Penalties Pursuant to Labor Code § 203;
   l. Violation of business & Professions Code § 17200.

(*See generally* Ex. A (Complaint).)

16. Based on reasonable assumptions, the amount in controversy in this case for just a portion of these claims exceeds $5,000,000.

17. Plaintiff's First Cause of Action alleges that "Defendants had a consistent policy or practice of failing to pay Employees for all hours worked, and failing to pay minimum wage for all time worked as required by California Law." (*See* Ex. A (Complaint) ¶¶ 19, 43.) During the four years preceding the filing of the Complaint, and for which Expedia has access to data, Defendant Classic Vacations LLC had at

least 171 nonexempt hourly employees who worked a total of 21,250 workweeks, and who collectively earned an average rate (which would differ between individuals) of $19.43 per hour. Although the Complaint uses language suggesting Plaintiff is alleging a more frequent violation rate for failure to pay minimum wage, the following amount in controversy is calculated by reasonably assuming two hours of unpaid minimum wage per week per employee: $19.43 (average hourly rate) x 2 (unpaid regular hours per week) x 21,250 (workweeks during the alleged class period based on data to which Expedia has access) = $825,775). Expedia reasonably alleges that the amount in controversy for Plaintiff's First Cause of Action is $825,775.

18.   Plaintiff's Second Cause of Action alleges that "Defendants had a consistent policy or practice of failing to pay Employees overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day." (*See* Ex. A (Complaint) ¶¶ 20, 52.) Defendant Classic Vacations LLC had at least 171 nonexempt hourly employees who worked a total of 21,250 workweeks, and who collectively earned an average rate (which would differ between individuals) of $19.43 per hour. The overtime rate of 1.5 for this average hourly rates is: $29.15. Although the Complaint uses language suggesting Plaintiff is alleging a more frequent violation rate for failure to pay overtime wages, the following amount in controversy is calculated by reasonably assuming two hours of unpaid overtime per week per employee: $29.15 (average overtime rate) x 2 (unpaid overtime hours per week) x 21,250 (workweeks during the alleged class period based on data to which Expedia has access) = $1,238,875). Expedia reasonably alleges that the amount in controversy for Plaintiff's Second Cause of Action is $1,238,875.

19.   Plaintiff's Third Cause of Action alleges that "Defendants have regularly required Employees to work shifts in excess of five (5) hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes and shifts in excess of ten (10) hours without providing them with second meal periods of not less

than thirty minutes; nor did Defendants pay Employees 'premium pay,'" and "Employees were consistently required to work through their meal periods which they were consistently denied." (*See* Ex. A (Complaint) ¶¶ 21, 60.) Thus, Plaintiff seeks one hour of premium pay for each meal break the putative class member allegedly missed. (*See* Ex. (Complaint) ¶ 62.) Although the Complaint uses language suggesting Plaintiff is alleging a more frequent meal period violation rate, the following amount in controversy is calculated by reasonably assuming two meal period violations per work week per employee: ($19.43 (average hourly rate) x 2 (meal period violations per week) x 21,250 (workweeks during the alleged class period based on data to which Expedia has access) = $825,775). Expedia reasonably alleges that the amount in controversy for Plaintiff's Third Cause of Action is $825,775.

20. Plaintiff's Fourth Cause of Action alleges that "Defendants have consistently failed to provide Employees with paid rest breaks of not less than ten (10) minutes for every work period of four (4) or more consecutive hours; nor did Defendant pay Employees premium pay for each day on which requisite rest breaks were not provided or were deficiently provided." (*See* Ex. A (Complaint) ¶¶ 22, 65.) Thus, Plaintiff seeks one hour of premium pay for each rest break the putative class member allegedly missed. (*See* Ex. A (Complaint) ¶ 67.) Although the Complaint uses language suggesting Plaintiff is alleging a more frequent rest break violation rate, the following amount in controversy is calculated by reasonably assuming two rest break violations per workweek per employee: ($19.43 (average hourly rate) x 2 (rest break violations per week) x 21,250 (workweeks during the alleged class period based on data to which Expedia has access) = $825,775). Expedia reasonably alleges that the amount in controversy for Plaintiff's Fourth Cause of Action is $825,775.

21. Plaintiff's Ninth Cause of Action alleges that "Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the Labor Code." (*See* Ex. A (Complaint) ¶ 88.) Thus, Plaintiff seeks fifty dollars per employee for the initial pay period in which a violation occurs and one hundred

dollars per employee for each violation in a subsequent pay period for a one year period prior to the Complaint, not exceeding an aggregate penalty of four thousand dollars per employee. (*See* Ex. A (Complaint) ¶ 90.) The Complaint uses absolute terms indicating Plaintiff is alleging a 100% violation rate, and such a violation rate is consistent with Plaintiff's other allegations of multiple violations relating to claims for off-the-clock, overtime, meal period and rest break requirements. The following amount in controversy is calculated by assuming a noncompliant wage statement was issued each pay period for the relevant one year period: ([171 (employees) x $50 (initial violation penalty) x 1 (representing initial violation for each employee)] + [$100 (second violation penalty) x 1,500 (pay periods during period based on data to which Expedia has access)] = $158,000). Expedia reasonably alleges that the amount in controversy for Plaintiff's Ninth Cause of Action is $158,000.

22. Plaintiff's Eleventh Cause of Action alleges that "Numerous Employees are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom" and "Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation." (*See* Ex. A (Complaint) ¶¶ 98-99.) Thus, Plaintiff seeks a penalty equal to a day's wages, for thirty (30) days, plus interest, for each employee who separated from employment. (*See* Ex. A (Complaint) ¶ 101.) The Complaint uses absolute terms suggesting Plaintiff is alleging a 100% violation rate so the following amount in controversy is calculated by assuming that rate: (65 former employees x $19.43 (average hourly rate) x 8 (hours per day) x 30 (maximum days for penalty) = $303,108). Expedia reasonably alleges that the amount in controversy for Plaintiff's Eleventh Cause of Action is $303,108.

23. Expedia can assume an attorney fee amount of 25% of the total amount claimed by Plaintiff ($4,177,308) in the amount of: $1,044,327.

24. Calculating the amount in controversy for only six of Plaintiff's twelve causes of action, using reasonable assumptions if (i) the alleged violations occurred

"consistently" and "regularly" as alleged in the Complaint and (ii) the claims were entirely successful (which Defendants will contest), yields an amount in controversy of $5,221,635, which exceeds CAFA's amount in controversy requirement. If necessary, Expedia could allege additional amounts in controversy for Plaintiff's remaining claims.

25. Additionally, Expedia does not have access to all of the data for Classic Vacation LLC employees. Expedia is removing this case based on only the data to which is has access and thus only accounts for a part of the potential amount in controversy. Expedia alleges that there is additional data supporting additional amounts in controversy in the control of Classic Vacation LLC.

26. Under CAFA, "the claims of all members of a putative class shall be aggregated" to determine the amount in controversy. *See* 28 U.S.C. § 1332(d)(6). Given that the Complaint seeks the above-described damages, exemplary damages, attorney's fees, and other relief, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and therefore satisfies the jurisdictional minimum set forth in 28 U.S.C. § 1332(d)(2).

### This Notice of Removal is Timely Filed

27. Notice of removal must generally be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. §§ 1446(b)(1) and 1453(b).

28. Expedia was served in the State Court Action with a copy of the Summons and Complaint by personal service on its registered agent on September 27, 2021. (*See* Ex. C.) As such, service was completed on September 27, 2021 at the time of personal delivery. Cal. Code. Civ. Proc. § 415.10. This Notice of Removal is being filed within 30 days of that date.

**The Removal Venue Is Proper**

29.    Removal is properly made to the United States District Court for the Northern District of California under 28 U.S.C. 1441(b), because the Superior Court for the State of California, County of Santa Cara, where the State Court Action is currently pending, is within the Northern District of California.

**Notice to Plaintiff and State Court**

30.    As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California, County of Santa Clara.

WHEREFORE, Expedia respectfully requests removal of the State Court Action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

K&L GATES LLP

Dated:  October 27, 2021        By:  */s/ Kate G. Hummel*
                                     Todd L Nunn
                                     todd.nunn@klgates.com
                                     Kate G. Hummel
                                     kate.hummel@klgates.com

                                     Attorneys for Defendants Expedia, Inc.
                                     and Expedia Group, Inc.